UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DEBORAH CRAIG, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 20-cv-11380-ADB |
| | * | |
| TOWN OF HUDSON, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO COMPEL**

BURROUGHS, D.J.

Plaintiff Deborah Craig brings this action, which was originally filed in state court, against Defendant Town of Hudson (the "Town" or "Hudson"), alleging that Hudson wrongfully terminated her. [ECF No. 1-1 ("Compl.")]. She avers that Hudson retaliated against her for taking medical leave, in violation of the Family and Medical Leave Act ("FMLA"), and violated the Town's personnel regulations by firing her without cause. [Id. ¶¶ 65–76]. Currently before the Court is Ms. Craig's motion to compel Hudson to respond to one of her interrogatories. [ECF No. 11]. For the reasons set forth below, Ms. Craig's motion is GRANTED.

I. **BACKGROUND**

The Court draws the following facts from the complaint. [Compl.]. Ms. Craig began working for the Town in 2007. [Id. ¶ 5]. In late 2018, her previously diagnosed mental health issues worsened. [Id. ¶ 15]. To deal with her problems, she applied for and was granted, FMLA leave and, as a result, was in and out of work between November 2018 and February 2019. [Id. ¶¶ 16–18]. She missed additional work time between March and August 2019. [Id. ¶ 19]. Although she maintains that she was absent for legitimate FMLA reasons, her supervisor

believed that her absences were improper and excessive. [Id. ¶¶ 19, 21]. In response, Ms. Craig's supervisor issued (1) a written warning for absenteeism on August 19, 2019, and (2) a notice of disciplinary probation on October 25, 2019. [Id. ¶¶ 22, 24]. On December 19, 2019, Ms. Craig was placed on administrative leave. [Id. ¶ 39]. A few weeks later, after an informal hearing, Ms. Craig was terminated. [Id. ¶ 40]. Ms. Craig appealed her termination through the appellate procedures described in the Town's charter. [Id. ¶¶ 43–44]. Ultimately, the Town's Board of Selectmen voted to uphold her termination; of the five selectmen on the board, three voted to affirm her termination and two (Joseph Durant and James Quinn) abstained because they had personal relationships with Ms. Craig. [Id. ¶ 44].

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(b), parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Enargy Power (Shenzhen) Co. v. Wang, No. 13-cv-11348, 2014 WL 4687784, at *2 (D. Mass. Sept. 17, 2014) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). "District courts exercise broad discretion to manage discovery matters," Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38, 41 (1st Cir. 2003), and "to tailor discovery narrowly," Cutter v. HealthMarkets, Inc., No. 10-cv-11488, 2011 WL 613703, at *2 (D. Mass. Feb. 10, 2011) (quoting Crawford-El v. Britton, 523 U.S. 574, 598 (1998)). When exercising this discretion, courts are mindful of the proportionality considerations articulated in Rule 26(b)(1). Fed. R. Civ. P. 26(b)(1).

> A court must limit discovery if it determines that the discovery sought is (1) unreasonably cumulative or duplicative, or is obtainable from some other source

that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the projected discovery in resolving the issues.

In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig., No. 13-cv-02419, 2014 WL 12814933, at *2 (D. Mass. Feb. 7, 2014); see also Fed. R. Civ. P. 26(b)(2)(C).  As the party resisting discovery, Hudson bears "the burden of showing some sufficient reason why discovery should not be allowed."  Flag Fables, Inc. v. Jean Ann's Country Flags & Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989) (quoting Kozlowski v. Sears, Roebuck & Co., 73 F.R.D. 73, 76 (D. Mass. 1976)).

## III.    DISCUSSION

Ms. Craig's thirteenth interrogatory reads as follows:

> State whether Selectmen Joseph Durant and James Quinn believe the Town had "just cause" (as that term is used in section 13.1 of the Town's Personnel Regulations) to terminate Ms. Craig's employment.  State all reasons for each individual's belief and describe when they formed such a belief.

[ECF No. 12 at 4; ECF No. 13 at 3].  The Town initially responded as follows:

> The Town of Hudson objects to Interrogatory No. 13 on the grounds that it assumes facts not in evidence or otherwise admitted by the Town.  The Town further objects as the interrogatory seeks irrelevant information unlikely to lead to the discovery of admissible evidence.  Notwithstanding said objections and subject thereto, the Town has no personal knowledge as to whether independent members of the Select Board have an opinion on the issue of "just cause" as members of the Select Board do not determine whether the Town had "just cause" to terminate the plaintiff.  Moreover, the Town's Charter contains a good cause standard, not just cause.  The Town Charter supersedes the personnel regulations.

[ECF No. 12 at 4; ECF No. 13 at 3].  The Town then served this supplemental response:

> In addition to the objections outlined above, the Town of Hudson further objects to the interrogatory to the extent it seeks a legal conclusion.

[ECF No. 12 at 4; ECF No. 13 at 3].

3

As the party opposing discovery, Hudson bears the burden of demonstrating why it should not be required to answer Ms. Craig's interrogatory. Flag Fables, 730 F. Supp. at 1186. Hudson takes the position that it need not respond for multiple reasons. It first argues that "good cause," not "just cause," is the proper standard because the Town's charter, which includes a "good cause" standard, supersedes its personnel regulations, which contain a "just cause" standard. [ECF No. 13 at 4]. Second, that the opinions of individual selectmen, especially those who did not vote, are not relevant to Ms. Craig's claims. [Id. at 4–5]. Third, that the interrogatory seeks the legal opinions of lay people, which is not a proper subject of discovery. [Id. at 5].[1]

With respect to the Town's first argument, whether the "good cause" standard articulated in the Town's charter, in fact, supersedes the "just cause" standard articulated in the Town's personnel regulations is a legal question that has not yet been resolved in this case.[2] Regardless of which standard ends up being applicable, Hudson cannot, at this stage, withhold otherwise discoverable material based on the fact that the parties have a difference of opinion regarding the appropriate standard.

As to the Town's second argument, relevance is generally construed broadly during discovery. See Enargy Power, 2014 WL 4687784, at *2. Here, the Court finds that whether Messrs. Durant and Quinn believe Ms. Craig was impermissibly terminated (and why) is, at the very least, marginally relevant to her claims in this case. Given their experience and familiarity

---

[1] The Town has not asserted that responding to Ms. Craig's interrogatory would be unduly burdensome or expensive. See [ECF No. 13]. Accordingly, the Court need not conduct the benefit vs. burden balancing test contemplated by Federal Rule of Civil Procedure 26(b).

[2] The Court notes that the Town does not cite any authority for its position. See [ECF No. 13 at 4 (stating, without citation, that "[t]he Town Charter supersedes the Personnel Regulations")].

4

with the Town's governing documents (and the fact that they received an information packet regarding Ms. Craig's termination), whether Messrs. Durant and Quinn believe that Ms. Craig's termination was justified and/or consistent with the Town's governing documents sheds at least some light on whether her termination was, in fact, justified and consistent with the Town's governing documents. Notwithstanding the Town's contentions, the fact that no individual selectman is authorized to act on the Town's behalf, [ECF No. 13 at 2], and that the abstaining selectmen had personal relationships with Ms. Craig, which prevented them from ethically voting on her termination, [id. at 3–5], does not render their opinions entirely irrelevant. Hudson can renew its objections regarding relevance closer to trial.[3]

With respect to the Town's third argument, the interrogatory in question does not call for an impermissible legal opinion. To the contrary, it calls for an opinion that the abstaining selectmen are uniquely qualified to provide given their positions and access to relevant information concerning Ms. Craig's termination. Further, Federal Rule of Civil Procedure 33(a)(2) specifically permits interrogatories that "ask[] for an opinion or contention that relates to fact or application of law to fact." Fed. R. Civ. P. 33(a)(2).

Thus, Ms. Craig's motion, [ECF No. 11], is GRANTED. The Town shall respond to Interrogatory No. 13 no more than fourteen (14) days after the entry of this Order.

---

[3] The Town's reliance on Knights of Columbus v. Town of Lexington is misplaced. In that case, individual legislators were protected by legislative immunity. 138 F. Supp. 2d 136, 139 (D. Mass. 2001). By its own admission, the Town make no legislative immunity argument here. [ECF No. 13 at 4]. Further, whereas the plaintiff in that case sought the opinions of individual legislators concerning the constitutionality of particular legislation, Ms. Craig merely seeks the abstaining selectmen's opinion on an issue that is routinely before them: whether the termination of a Town employee was appropriate. In essence, Ms. Craig wants the answer to a (marginally) relevant hypothetical question (i.e., how the abstaining selectmen would have voted had they done so, even assuming their admitted bias).

Having granted Ms. Craig's motion, the Court must consider her request for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).  See [ECF No. 12 at 7]. Her request is denied.  Under Rule 37, the Court must award expenses to a party who files a successful motion to compel unless "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii).  Here, the Court finds that the Town's position was substantially justified and that, because the Town has consistently engaged in good faith efforts to amicably resolve disputes with Ms. Craig throughout discovery, see [ECF No. 13 at 6 (representation from counsel regarding meet-and-confer process)], an award of expenses would be unjust.  Thus, the Court will not award fees and costs to Ms. Craig.

## IV.   CONCLUSION

Accordingly, for the reasons stated above, Ms. Craig's motion, [ECF No. 11], is GRANTED.  The Town shall respond to Interrogatory No. 13 no more than fourteen (14) days after the entry of this Order.

**SO ORDERED.**

April 23, 2021                                                                          /s/ Allison D. Burroughs
                                                                                              ALLISON D. BURROUGHS
                                                                                              U.S. DISTRICT JUDGE